IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AVERY JAMES HARDAWAY** : | **CIVIL ACTION** |
| : | |
| **v.** : | **NO. 24-1841** |
| : | |
| **PHILADELPHIA POLICE** : | |
| **DEPARTMENT, PHILADELPHIA** : | |
| **FIRE DEPARTMENT, PRO-EMS** : | |
| **REGIONAL OFFICE EMERGENCY** : | |
| **MEDICAL SERVICES** : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                     **May 6, 2024**

Philadelphian Avery J. Hardaway *pro se* sued the Philadelphia Police Department twice last week seemingly for the same claim the police ignored calls for medical or emergency assistance. He now sues on behalf of other unpleaded persons relating to other incidents at other unpleaded times. He amended his Complaint in this case a few days ago to add the Philadelphia Fire Department and "PRO-EMS Philadelphia Regional Office – Emergency Medical Services." Mr. Hardaway does not plead he suffered injury when police ignored 911 calls. He instead sues with general complaints about how first responders and Philadelphia citizens handle 911 emergency calls over the past several months. But we are not City Council or micromanagers of Philadelphia's emergency response teams. We instead address concrete cases and controversies under Article III of the Constitution.

He filed these three cases last week without paying filing fees swearing he is destitute. We granted Mr. Hardaway leave to proceed on his cases without paying the filing fees. Congress requires we now screen his allegations before issuing summons. Mr. Hardaway does not plead a basis for our limited subject matter jurisdiction in this case (or the other two). Even if we did have

subject matter jurisdiction, Mr. Hardaway fails to state cognizable claims. We dismiss Mr. Hardaway's claims without prejudice to timely plead facts allowing us to exercise our limited subject matter jurisdiction including his standing and naming state actors if he can do so consistent with the law.

## I.   Alleged pro se facts

Mr. Hardaway complains of events in this case occurring on February 1, 2023, in July 2023, December 2023, and February 2024.

An unidentified first responder called 911 at an unidentified time for an unidentified patron at an unidentified bar or restaurant who suffered a heart attack.[1] An ambulance arrived. There are no other allegations about this episode or how it is the basis for a cognizable claim against the Philadelphia Police Department or first responders. Or how it involves him.

At another unidentified time, Acme and Temple University "Mini Police Station" told their employees and customers to call 911 during an attempted aggravated assault against an unidentified person. No one called 911. Mr. Hardaway made two 911 calls for an unidentified reason later the same day but Philadelphia Police did not respond and instead "ignorant" Philadelphia Police Officers "showed up" for an Insomnia Cookie order.[2]

At yet another unidentified time, Mr. Hardaway called 911 when he witnessed a car strike an unidentified bicyclist but Philadelphia Police did not respond and "ambulance/first responders" failed to "act appropriately and accordingly."[3] Philadelphia citizens are "ignorant" of emergency procedures.

Mr. Hardaway claims a host of physical and emotional injuries although he does not allege how he suffered injury.[4] He asks we direct the Philadelphia Police Department to change the decals on their vehicles from "911" to "9-1-1" (dashes in between 9, 1, and 1) to allow citizens to

recognize the correct number to dial in an emergency because the number "911" without dashes between the digits is and "could be" a post-traumatic trigger from the attack on the United States on September 11, 2001, and seeks $119,000 to $267,000 in damages.[5]

We granted Mr. Hardaway leave to proceed without paying the filing fees after studying his sworn financial condition.[6] We lack jurisdiction over his amended complaint as currently pleaded and, even if we did have jurisdiction, Mr. Hardaway fails to state plausible claims against the Philadelphia Police or the first responders sued in his amended Complaint.[7]

**II.    Analysis**

Congress requires us to screen this amended Complaint after we granted Mr. Hardaway leave to proceed without paying the filing fees. Our screening obligations require us to dismiss Mr. Hardaway's complaint if his claims are "frivolous or malicious; fail[ ] to state a claim on which relief may be granted; or seek[ ] monetary relief from a defendant who is immune from such relief."[8] When considering whether to dismiss a complaint for failure to state a claim under section 1915(e)(2)(B), we apply the same standard provided in Federal Rule of Civil Procedure 12(b)(6).[9] We must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[10] We construe Mr. Hardaway's pro se Complaint (and now amended Complaint) liberally and "hold it to 'less stringent standards than formal pleadings drafted by lawyers.'"[11]

Mr. Hardaway checked the boxes on the form Complaint indicating he invokes both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(a).[12] "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."[13] Federal question jurisdiction exists in "civil

3

actions arising under the Constitution, laws, or treaties of the United States."[14] Federal question jurisdiction must appear on the face of a properly pleaded complaint.[15]

We have no basis to find federal question jurisdiction. To the extent Mr. Hardaway attempts to assert a federal civil rights claim against the Philadelphia Police Department, Philadelphia Fire Department, and "PRO-EMS Philadelphia Regional Office – Emergency Medical Services" under 42 U.S.C. § 1983, which would give us federal question jurisdiction, his complaint does not make plausible allegations against them as state actors depriving him of a federal civil right.[16] "To state a claim under [section] 1983, [Mr. Hardaway] must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law."[17] There are no allegations Raymond Hardaway is a state actor.

Diversity jurisdiction exists over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[18] Complete diversity is required to invoke diversity jurisdiction.[19] No party can be a citizen of the same state as any opposing party.

We liberally construe Mr. Hardaway as attempting to state a federal civil rights claim under 42 U.S.C. § 1983. "To state a claim under [section] 1983, [Mr. Hardaway] must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law."[20] Mr. Hardaway cannot state a claim under section 1983 based on law enforcement's alleged failure to respond to 911 calls because he does not have a constitutional right to protection from private violence.[21]

We start with his claims involving unidentified persons other than himself. These allegations appear to involve the Police, Fire, and Emergency Medical Services Departments' alleged failure to respond to emergency situations of other unidentified citizens' emergencies (a bar patron, an assault at the Acme, a bicyclist hit by a car).[22] Mr. Hardaway lacks constitutional standing to seek policy changes when he cannot allege concrete harm to himself. Mr. Hardaway bears the burden of pleading: (1) injury in fact, (2) fairly traceable to the defendant's challenged conduct, and (3) likely to be redressed by a favorable judicial decision.[23] Mr. Hardaway lacks standing to assert claims on behalf of other citizens. We have no idea what he is claiming for other persons when he did not suffer an alleged harm.

And we cannot address Mr. Hardaway's repeated claim <u>he</u> called 911 following an incident at the Acme Market but police did not arrive. His claim for police not responding to an alleged 911 call is not a cognizable claim. "A governmental entity cannot deliberately harm a private citizen or engage in behavior that shocks the conscience, but where the government entity does not create the danger (as for example by confining a person in prison with his assailant), the failure to protect an individual against private violence does not violate any federal right."[24] Mr. Hardaway does not allege the police or any other state actors created a danger. He does not have a constitutional right to protection from private acts of violence. We cannot discern another basis for a federal claim based on Mr. Hardaway's allegations.

Mr. Hardaway identified three Pennsylvania statutes he believes confers federal jurisdiction: 18 Pa. Cons. Stat. Ann. §§ 304, 911, 2101 *et seq.*, and 5101 *et seq.*[25] These are statutes within Pennsylvania's Crimes Code and do not confer federal question jurisdiction.[26] Mr. Hardaway does not plead an independent basis for our jurisdiction over these claims.

We also lack diversity jurisdiction over Philadelphian Mr. Hardaway's claims against the Philadelphia Police, Philadelphia Fire Department, and Emergency Medical Services. We may exercise our diversity jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[27] Complete diversity is required to invoke diversity jurisdiction.[28] No party can be a citizen of the same state as any opposing party. Mr. Hardaway pleads all parties are Pennsylvania citizens. We cannot exercise diversity jurisdiction where the parties lack complete diversity.

### III. Conclusion

We dismiss Mr. Hardaway's Complaint without prejudice to timely filing an amended Complaint if he can swear facts allowing us to exercise federal subject matter jurisdiction or he may timely seek recovery in state court.

---

[1] Amended Complaint, ECF No. 7 at 3, § III.C.

[2] *Id.* Allegations regarding Acme and Temple University's "Mini Police Station" also appear in Mr. Hardaway's earlier filed complaint against "Philadelphia Police 22nd – 23rd," Temple University Mini Police Station, Acme Markets, and Insomnia Cookies at C.A. No. 24-1782. We dismissed Mr. Hardaway's complaint in this case last week. *Hardaway v. Philadelphia Police 22nd-23rd, et al.*, No. 24-1783, 2024 WL 1936270 (E.D. Pa. May 1, 2024).

[3] *Id.*

[4] *Id.* at 4, § IV.

[5] *Id.* at 4, § V.

[6] ECF No. 5.

[7] *Hardaway v. Philadelphia Police 22nd-23rd, et al.*, No. 24-1783, 2024 WL 1936270 (E.D. Pa. May 1, 2024).

[8] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). *See also* ECF Nos. 1, 2, 5.

[9] *Elansari v. Univ. of Pa.*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[11] *Shorter v. United States*, 12 F.4th 366, 371 (3d Cir. 2021) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

[12] ECF No. 2 at 2, § II.A.

[13] *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citation omitted).

[14] 28 U.S.C. § 1331.

[15] *Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 406 (3d Cir. 2021) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

[16] Congress in section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, …" 42 U.S.C. § 1983.

[17] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[18] 28 U.S.C. § 1332(a).

[19] *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 870 (3d Cir. 2022).

[20] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[21] *See Hardaway*, 2024 WL 1936270 at *2.

[22] He alleges an ambulance responded to the bar patron's heart attack, so we do not see how this event can be the basis of a claim.

[23] *Kelly v. RealPage, Inc.*, 47 F.4th 202, 211 (3d Cir. 2022).

[24] *Estes v. Hous. Auth.*, No. 23-120, 2023 U.S. Dist. LEXIS 103817, at *3 (W.D. Pa. June 13, 2023) (citation omitted).

[25] ECF No. 7 at 2, § II.B.

[26] 18 PA. CONS. STAT. ANN. § 304, entitled "ignorance or mistake," provides a defense in a criminal matter. Pennsylvania's General Assembly in section 911 made corrupt organizations and racketeering activity a crime under Pennsylvania law; in sections 2101, 2102, and 2103 made certain conduct with regard to the treatment of the United States flag a crime under Pennsylvania law; and in Chapter 51 made certain conduct obstructing governmental operations an offense under Pennsylvania law.

[27] 28 U.S.C. § 1332(a).

[28] *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 870 (3d Cir. 2022).